# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1496 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Wayne Guider (2008-0087441) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint plus a Judge's copy and service copies. Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Wayne Guider is a detainee at the Cook County Jail. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis*, (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, plaintiff alleges that he did not receive his medication in a timely fashion from the Cook County Jail pharmacy, claiming a 47 day delay. (Dkt. No. 1 at 4). He claims that he contacted Sheriff Dart but nothing occurred. (*Id*.).

| STATEMENT |
|---|

Although plaintiff may have a plausible claim, his present complaint has several problems requiring its dismissal. Plaintiff has named the Cook County Jail and Sheriff Dart as defendants. The Cook County Jail is not a suable entity. *See Catillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993). A suit against the Jail or Sheriff Dart in his official capacity is in actuality a suit against Cook County. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) (citations omitted). In turn, Cook County can only be liable if its policy or custom caused plaintiff's injury. *Id*. Plaintiff's present complaint fails to plausibly suggest any type of municipal liability against Cook County. Thus, plaintiff should attempt to name as defendants in the amended complaint the individuals who were personally involved in the alleged constitutional violation. He may name them as John Does if he does not know their identities. A supervisory official may only be held liable to the extent that he was personally involved in the alleged constitutional violation. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009).

Furthermore, plaintiff should also investigate his substantive claim. The constitution requires correctional officials to provide humane conditions of confinement, including adequate medical care to prisoners. *Id*. at 463. However, a constitutional claim must demonstrate both that there was an objectively serious medical condition and also that the defendants were deliberately indifferent to that condition. *Id*. Plaintiff does not detail the medicine he was allegedly denied and also what effect, if any, this had on his health. He also claims in his present complaint that the defendants were negligent. (Dkt. No. 1 at 4). Invoking negligence is unhelpful to plaintiff because "[d]eliberate indifference requires a showing of more than mere or gross negligence, but less than purposeful infliction of harm." *Id*. (citations omitted).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint on the Court's required form. The plaintiff must write both the case number and the Judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, the plaintiff will still be responsible for paying the filing fee.

Plaintiff's motion for appointment of counsel (Dkt. No. 4) is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655). Plaintiff has failed to make any attempts to secure counsel on his own and so his motion must be denied. He should contact law firms or other legal services organizations and request that they take his case. He may renew his motion if he is unsuccessful in obtaining his own counsel. Any renewed motion for appointment of counsel should detail

| STATEMENT |
|---|
| plaintiff's efforts at obtaining counsel such as including the letters he receives from law firms and legal organizations responding to his requests for representation.<br><br>      In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit a proposed amended complaint plus a Judge's copy and service copies. Failure to submit a proposed amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. |